UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEAN A. MONCO; JOHN S. MORTIMER; WOOD, PHILLIPS, KATZ, CLARK & MORTIMER, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 17 C 6882 |
| ZOLTEK CORPORATION; ZSOLT RUMY; and TORAY INDUSTRIES, INC., | ) ) ) ) ) | Judge Thomas M. Durkin |
| Defendants. | ) | |

**MEMORANDUM OPINION & ORDER**

Plaintiffs Dean A. Monco, John S. Mortimer, and Wood, Phillips, Katz, Clark, & Mortimer sued defendants Zsolt Rumy, Zoltek Corporation, and Toray Industries, Inc. (a Japanese corporation that purchased Zoltek in 2014), seeking recovery of legal fees for plaintiffs' representation of Zoltek in patent litigation spanning the course of 20 years. Before the Court is Toray's motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) [154]. For the following reasons, the Court grants Toray's motion to dismiss under Rule 12(b)(2)[1] without prejudice.

**STANDARD**

"A complaint need not include facts alleging personal jurisdiction. However, once the defendant moves to dismiss the complaint under Federal Rule of Civil

---

[1] Because the Court finds dismissal appropriate under Rule 12(b)(2), it does not reach Toray's alternative argument under Rule 12(b)(6).

Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Research Found. v. Sanofi–Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). When the court rules on the motion without a hearing, the plaintiff need only establish a *prima facie* case of personal jurisdiction. *Id.* The Court reads "the complaint liberally, in its entirety, and with every inference drawn in favor" of the plaintiff to determine whether it has set forth a *prima facie* case for personal jurisdiction. *Cent. States, Se. & Sw. Areas Pension Fund v. Phencorp Reinsurance Co.*, 440 F.3d 870, 877-78 (7th Cir. 2006). "[O]nce the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction." *Purdue*, 338 F.3d at 783. "[U]nder the *prima facie* standard, the plaintiff is entitled to have any conflicts in the affidavits (or supporting materials) resolved in its favor." *Id.*

## APPLICATION

Because this Court is sitting in diversity, it has personal jurisdiction over the parties to the extent that an Illinois court could exercise such jurisdiction. *Philos Techs., Inc. v. Philos & D, Inc.,* 645 F.3d 851, 855 n.2 (7th Cir. 2011). "Illinois extends personal jurisdiction to the limits allowed by the United States Constitution, so the state and federal standards are congruent here." *Id.*

Personal jurisdiction can arise by way of: (1) "general jurisdiction (*i.e.*, continuous and systematic contacts with Illinois)"; (2) "specific jurisdiction (*i.e.*, sufficient minimum purposeful contacts with Illinois and the dispute arose out of

those contacts)"; or (3) waiver, including when the agreement out of which a dispute arises contains a forum selection clause and the defendant is either party to that agreement or "so closely related to the dispute" that it is "bound by the forum selection clause" even though it did not sign the agreement. *Solargenix Energy, LLC v. Acciona, S.A.*, 17 N.E.3d 171, 182 (Ill. App. Ct. 2014); *accord Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n.14 (1985) ("because the personal jurisdiction requirement is a waivable right, there are a variety of legal arrangements by which a litigant may give express or implied consent to the personal jurisdiction of the court," including based on a freely negotiated forum selection clause).

The third of these options—waiver based on a forum selection clause—is the only basis on which plaintiffs assert personal jurisdiction over Toray in their Second Amended Complaint and in their opposition to Toray's motion to dismiss. Specifically, they allege that "[w]hen Toray purchased Zoltek in 2014, it was fully aware of" an attorney retainer agreement signed between Zoltek and plaintiffs in 1996, and that Toray "is thus so closely related to this dispute that it was foreseeable that Toray would be bound by the [forum selection] clause" in that retainer agreement. R. 217 ¶ 15. The forum selection clause in the 1996 retainer agreement provided that the parties agree to "submit themselves to the exclusive jurisdiction and venue of the Federal District Court for the Northern District of Illinois for resolution of any and all disputes under this Agreement." R. 177-2 at 7. As plaintiffs themselves repeatedly acknowledge, however, this agreement was "terminated" when Zoltek terminated plaintiffs' legal representation in 2016. *E.g.*, R. 177 at 1, 6, 8. Plaintiffs therefore sue

3

Toray only under a quantum meruit theory to recover fees for services provided. R. 217 ¶¶ 88-97.

As the Seventh Circuit explained in *Vance v. Gallagher*, 280 F. App'x 533 (7th Cir. 2008)—a case neither party cites—"[u]nder . . . Illinois law, when an attorney and a client enter into a fee agreement, if the client terminates the attorney, the contract ceases to be operative." *Id.* at 537; *accord In re Estate of Callahan*, 578 N.E.2d 985, 988 (Ill. 1991) ("when a client terminates a contingent-fee contract, the contract ceases to exist between the parties thereto and the contingency term, whether the attorney wins, is no longer operative"). "In that instance," the *Vance* court explained, "the attorney may recover fees for his services under the equitable theory of quantum meruit." *Id.* (citing *Callahan*, 578 N.E.2d at 987-88). And where an attorney does "not assert a breach of contract claim . . . but rather assert[s] a claim for fees based on quantum meruit," reliance on a "forum selection clause" in the fees agreement "is misplaced" because the action does not arise out of the contract. *Id.*

Plaintiffs argue that their quantum meruit claim arises from the retainer agreement because the retainer agreement contained a provision entitling plaintiffs to "the reasonable value of [their] services" in the event of termination. R. 177-2 ¶ 4(b)(ii). They cite *Hugel v. Corp. of Lloyd's*, 999 F.2d 206 (7th Cir. 1993), in support. But that case held only that a "forum selection clause governs the action" "if the duty arises from the contract," as the tortious interference claim in that case did. *Id.* at 209; *accord Solargenix*, 17 N.E.3d at 182 (forum selection clauses "apply not merely to contract claims involving the terms of the contract in which the clause appears,

4

but also to other claims that are otherwise connected to the contract, such as tort claims arising from the contract"). By definition, however, "a quantum meruit claim sounds in restitution rather than contract." *Vance*, 280 F. App'x at 537. Although in some cases a quantum meruit claim is pleaded in the alternative to a breach of contract claim based on a non-terminated contract, in the attorney-client context in Illinois, a "contract ceases to be operative" when the attorney is terminated, and quantum meruit is "the only basis for . . . recovery of fees." *Id.*; *accord Callahan*, 578 N.E.2d at 987-88. Thus, as the Seventh Circuit in *Vance* held when addressing precisely the situation here, a forum selection clause in a terminated attorney's fees agreement does not apply to a subsequent quantum meruit claim to recover fees to which an attorney otherwise would have been entitled under that agreement. *Id.* On this basis, the Court rejects plaintiffs' argument that it can exercise personal jurisdiction over Toray based on the forum selection clause in the parties' terminated retainer agreement.

Toray also argues in its motion to dismiss that this Court lacks specific or general personal jurisdiction over it. Plaintiffs did not meaningfully address those arguments in their response, instead focusing on their forum selection clause argument based on the mistaken premise that forum selection clauses can extend to quantum meruit claims after an agreement is terminated. Toray did not robustly dispute that premise (not citing *Vance* or any other case directly addressing the issue (*see* R. 155 at 4-5)). The Court therefore gives plaintiffs an opportunity to replead other theories of personal jurisdiction over Toray. The Court notes, however, that in

5

light of the evidence Toray has submitted in the form of its general manager's affidavit (R. 155-1), plaintiffs will need to "go beyond the pleadings" in response to any motion to dismiss filed by Toray and submit "affirmative evidence supporting the exercise of jurisdiction." *Purdue*, 338 F.3d at 783.

## CONCLUSION

For these reasons, the Court grants Toray's motion to dismiss [154] without prejudice. If plaintiffs believe they can set forth a plausible theory for personal jurisdiction over Toray in an amended complaint, they should file an amended complaint and redline on or before 11/5/2018. The same briefing schedule recently set for Rumy's motion to dismiss plaintiffs' Second Amended Complaint will apply, with Toray's motion to dismiss (or answer, if Toray so chooses) to be filed by 11/26/2018, plaintiffs' response to be filed by 12/17/2018, and Toray's reply to be filed by 1/7/2019.

ENTERED:

_____

Dated: October 26, 2018

Honorable Thomas M. Durkin
United States District Judge