# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| DEAN A. MONCO, an individual, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 17 C 6882 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| ZOLTEK CORPORATION, a | ) | |
| Missouri corporation, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The defendant has filed a motion to compel the expert deposition of one of the plaintiffs, Dean Monco. Mr. Monco was deposed as a fact witness in February of 2019. But on September 13, 2019, the final day for disclosing expert witnesses, plaintiffs disclosed Mr. Monco as an expert witness. The plaintiff's expert witness disclosure states it is "a supplement to the disclosure of testimony in Monco's deposition transcript" and lists a number of topics on which Mr. Monco "may testify at trial consistent with [his prior] deposition testimony and his interrogatory answers." [Dkt. #299-1, at 2-4]. Defendant tells us the parties met and conferred, but plaintiffs opposed any expert deposition of Mr. Monco because, it was argued, he had already been deposed – albeit as a fact witness. That was a specious objection. Questions an attorney might pose to a person as an expert witness may well be different than those that might be posed to the same person who initially testified as a fact witness. As the Seventh Circuit has recognized, "[t]here is a significant distinction between disclosing an individual as a fact witness under Rule 26(a)(1)(A) and disclosing an expert witness under Rule 26(a)(2)." *Karum Holdings LLC v. Lowe's Companies, Inc.*, 895 F.3d 944, 951

(7th Cir. 2018). *See also Musser v. Gentiva Health Servs*., 356 F.3d 751, 759 (7th Cir. 2004)("It was the district court's opinion that, in this particular case, Gentiva was denied the opportunity to question the witnesses in their expert capacity. This choice is not outside the range of reasonable options available to the district court.").

The lengthy and unconditional Order setting the discovery schedule in this case required that deposition of plaintiff's experts be completed by September 27, 2019. [Dkt. # 285]. It also provided that there would be no further extensions of the discovery schedule, that the court, not the lawyers, were in charge of discovery, and that the discretion to control discovery includes the authority to set schedules for depositions. "The parties do not own the discovery schedule." [Dkt. #285]. Delay in filing motions can be fatal. *In re Sulfuric Acid Antitrust Litigation,* 230 F.R.D. 527, 533 (N.D.Ill. 2005); *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 337 (N.D.Ill. 2005); *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 320, 325 (N.D.Ill. 2005). We live in a world of deadlines, the practice of law is no exception. *Raymond v. Ameritech Corp.,* 442 F.3d 600 (7th Cir.2006). Indeed, the Seventh Circuit has held that even a day's delay can be fatal. *Brosted v. Unum Life Ins. Co. of Am.*, 421 F.3d 459, 464 (7th Cir. 2005); *Tuke v. United States*, 76 F.3d 155, 157 (7th Cir. 1996).

Mr. Monco was disclosed as an expert within the time allowed in the schedule, on September 13. Under the schedule, defendants knew they had only two weeks in which to complete the depositions [Dkt. #285]. Defendants don't say when they first requested an expert deposition of Mr. Monco, but, according to them, they knew plaintiff was opposing an expert deposition of Mr. Monco as of September 20th. [Dkt. #299, at 2 ("On September 20, 2019, attorneys for Monco indicated that they oppose a deposition under Rule 30(a)(2)(A)(ii) stating that Mr. Monco's February 2019 deposition prohibits a second deposition.")]. Yet, they waited five days to file their motion to

2

compel, filing it at 4 p.m. on September 25th. That would have left less than two days in which to schedule Mr. Monco's deposition, assuming the motion was heard and granted the very next morning. But, under Local Rule 5.3 (a), it could not have been heard until two days later at the earliest – unless it was filed as an emergency motion. That would have made scheduling the requested deposition virtually impossible. And, it would have violated Local Rule 16.1(4)("Discovery requested before the discovery closing date, but not scheduled for completion before the discovery closing date, does not comply with this order."), which the parties were reminded of by my Order of in early August. [Dkt. #292. *See also* Dkt. #285].

It turned out to be worse than that, however, because the defendants did not notice the motion for hearing until October 1st [Dkt. # 300], the Monday *after* the deadline for completing expert depositions passed. Just ten days ago, the parties were forcefully reminded of the discovery schedule at a status hearing and told they had to comply with it. [Dkt. # 297. *See also* Dkt. #292]. And, on June 5, 2019, they were informed in a lengthy minute order that all expert discovery had to be completed by October 25, 2019 and that "[t]here shall be no further extensions of the discovery schedule." No one reading the page-and-a-quarter long Minute Order could have failed to appreciate that the Order meant what it said. Extensions by default, *see Logan v. Berryhill*, 2017 WL 1344521, at *2 (N.D. Ill. 2017) – and that is in reality what is sought by the defendants – ought not be allowed. *See generally* Frank Easterbrook, *Discovery As Abuse*, 69 B.U.L.Rev. 635 (1989). Thus, the defendant's motion to compel [Dkt. #299] is denied.

3

ENTERED: /s/ Jeffrey Cole
UNITED STATES MAGISTRATE JUDGE

**DATE:** 9/26/19